United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31205
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENOCH DAN BANKS, IV.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-148-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Enoch Dan Banks, IV, appeals his conditional guilty plea conviction for felon possession of a firearm. He challenges the district court's denial of his motion to suppress a statement to the police revealing the location of a firearm in his girlfriend's apartment and the resulting seizure of that firearm. This court reviews a ruling on a motion to suppress based upon live testimony under the "clearly erroneous" standard for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings of fact and de novo for questions of law.  United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir. 1990).

We have reviewed the record, the district court's opinion, and the parties' briefs, and conclude that the district court did not clearly err in finding that the colloquy in which Banks admitted having a firearm did not constitute a custodial interrogation by the deputies in question.  See Miranda v. Arizona, 384 U.S. 436, 444 (1966); see United States v. Baldwin, 644 F.2d 381, 384 (5th Cir. 1981); United States v. Carpenter, 611 F.2d 113, 117 (5th Cir. 1980).  We also conclude that, even if the colloquy did constitute a custodial interrogation, the resulting seizure of the firearm and Banks's second and third statements claiming ownership of the firearm were nevertheless admissible.  See United States v. Patane, 124 S. Ct. 2620, 2630 (2004); Oregon v. Elstad, 470 U.S. 298, 310-11 (1985)).  The district court's denial of Banks's motion to suppress is therefore AFFIRMED.